HILL, Plaintiff in error, v. STATE, Defendant in error.

Court of Appeals

*No. 77-821-CR. Argued October 25, 1978.—Decided November 17, 1978.*
(Also reported in 283 N.W.2d 585.)

---

[26] *Handy v. Holland Furnace Co.*, 11 Wis.2d 151, 155, 105 N.W.2d 299, 301 (1960).

For the plaintiff in error the cause was submitted on a brief by *Howard B. Eisenberg,* state public defender, and *Mark Lukoff,* first assistant state public defender, with oral argument by *Mark Lukoff.*

For the defendant in error the cause was submitted on a brief by *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general, with oral argument by *Marguerite M. Moeller.*

Before Decker, C. J., Cannon, P. J., and Robert W. Hansen, Reserve Judge.

CANNON, P. J.   The defendant, Timothy Anthony Hill, was arrested on November 16, 1976, and charged with burglary, party to a crime, in violation of secs. 943.10(1)(a) and 939.05, Stats. A *Goodchild* hearing[1] was conducted on November 2, 1977, to determine whether a confession the defendant gave to Assistant District Attorney Kremers was admissible. At the conclusion of the hearing, the defendant's motion to suppress the confession was rejected by the trial court. The confession was admitted into evidence at trial, and the defendant was subsequently convicted as charged.

At the *Goodchild* hearing, Milwaukee County Assistant District Attorney Kremers testified that he talked to the defendant three times on the morning of November 17, 1976. During the first meeting, the defendant, after being advised of his constitutional rights, made a short, nonincriminating statement, and then was taken from Kremers' office.

The defendant requested another conference with Kremers a short time later. This conference was attended by both Kremers and Detective Clemence. Kremers testified that after a short conversation, Detective Clemence "said he thought that Mr. Hill was playing games and not being truthful with us." Kremers further testified:

---

[1] *State ex rel. Goodchild v. Burke,* 27 Wis.2d 244, 264, 133 N.W.2d 753 (1965).

A  At the end of the second incident in my office when Detective Clemence indicated that he thought the defendant was playing games and they are wasting my time, Detective Clemence grabbed defendant Hill around the arm, just above the elbow.

The defendant swung his arm, jerked his arm away from Detective Clemence.  Detective Clemence regrabbed the defendant's arm and pulled him out of the chair and led or took him out of my office and out of my sight, and the next thing I heard was a loud noise and I went out in the hall and I remember the defendant being there and Detective Clemence and I believe there was another officer there but I don't know who it was, and I am not positive about that.

Q  Okay.  And where was Hill?

A  The defendant was on the ground at that point.

Q  And do you recall whether or not Hill was handcuffed when Clemence tried to pull him out of the chair?

A  To the best of my recollection he was handcuffed at that point.  I am—

Q  Did you hear any words between Hill and Clemence as Hill was on the floor?

A  I heard the defendant say something.

Q  What did he say?

A  Said, why did you trip me.

Q  To whom did he say that?

A  As far as I know, he was talking to Detective Clemence when he said that.

Fifteen to thirty minutes after this incident, the defendant again requested to see Kremers.  He then gave a confession.  Neither the defendant nor Detective Clemence was called to testify regarding this occurrence at the *Goodchild* hearing.

The sole issue on appeal is whether the state failed to prove beyond a reasonable doubt at the *Goodchild* hearing that the confession was voluntary.  We hold that the state failed in this burden.

The Wisconsin Supreme Court has held that:

Before an inculpatory custodial statement may be received into evidence at trial, the state must prove first

that defendant received a proper *Miranda* warning, and second that the statements were made voluntarily. The trial court's findings of fact concerning these issues may not be upset unless they are against the great weight and clear preponderance of the evidence. *Jones v. State,* 69 Wis.2d 337, 343, 230 N.W.2d 677 (1975).

The state has the burden of proof beyond a reasonable doubt that a defendant's confession was voluntary before it can be admitted at trial, *Goodchild, supra* at 264; *Blaszke v. State,* 69 Wis.2d 81, 230 N.W.2d 133 (1975). Whether a confession is voluntary or coerced "depends upon the 'totality of the circumstances.' The test is whether 'the totality of the circumstances that preceded the confessions . . . goes beyond the allowable limits.' " *State v. Wallace,* 59 Wis.2d 66, 81, 207 N.W.2d 855 (1973), quoting *Fikes v. Alabama,* 352 U.S. 191, 197 (1957).

The state argues that no physical abuse took place, but that even if it did, a long enough period of time occurred between the abuse and the confession to dissipate any coercive effects. We disagree with both arguments.

Kremers' testimony indicated that the defendant was physically pulled out of his chair in Kremers' office by Detective Clemence. Whether Clemence then tripped the defendant in the hallway is unclear; we only have testimony before us. At the trial Kremers testified that Detective Clemence told him "Mr. Hill must have slipped on his high heeled shoes."[2] However, such statement was not made at the *Goodchild* hearing, and thus cannot be considered here. Thus, the defendant's claim that he was tripped was never rebutted, either by Kremers or Clemence at the *Goodchild* hearing. In a similar case, the Maryland Court of Special Appeals stated:

[2] Attorney Kremers was assigned to the complaint team of the district attorney's office which was responsible for interviewing witnesses and possible defendants involved in criminal incidents. Attorney Kremers did not prosecute this action.

[W]hen it is contended that someone employed coercive tactics to obtain inculpatory statements, the charge must be rebutted. Here it is claimed the inducement occurred while [the defendant] was alone with [a detective]. Since it is uncontradicted that the suspect was in fact in the sole presence of this police interrogator, that specific person must rebut the allegations of coercion as no one else is qualified to do so. *Gill v. State*, 265 Md. 350, 353–54, 289 A.2d 575, 577 (1972).

In this case, Mr. Kremers testified that the defendant claimed he was tripped by Detective Clemence. However, Detective Clemence was not called to testify at the *Goodchild* hearing. Why the district attorney did not call Detective Clemence is not revealed in the record. Such neglect appears inexcusable in the context of this case. It appears to this court that the state had a responsibility to produce Detective Clemence in order to rebut the "tripping" allegation by the defendant. Apparently, there were no other witnesses at the scene when this incident took place. Therefore, it necessarily follows that Detective Clemence would have been the only one qualified to rebut the defendant's accusation. Since the necessary link to support the state's burden was missing, we hold the state did not fulfill its obligation to prove the confession voluntary beyond a reasonable doubt.

The state argues, however, that the confession occurred fifteen to thirty minutes after the alleged assault, and therefore had no effect on the voluntariness of the confession. This argument is untenable. For instance in *McKinley v. State*, 37 Wis.2d 26, 154 N.W.2d 344 (1967), the court held that one and one-half hours were not sufficient to dissipate the effect of the state's coercion. Although the coercion in *McKinley* is entirely different from the coercion in the instant matter, it does illustrate that the time factor is dependent upon the fact situation in every case. We can hypothesize situations where a span

of days might not be sufficient to alleviate the effect of physical or psychological coercion. This court cannot hold that a time span of fifteen to thirty minutes would dissipate the effect of a physical attack on a handcuffed suspect.

We hold that the confession in the instant matter should not have been admitted into evidence. In order for a confession to be admissible, it must be the free and voluntary product of a free will. The defendant in the instant matter was still under the residue of duress which flowed from the incident in the corridor outside the assistant district attorney's office. The judgment is reversed, and the case remanded for a new trial.

*By the Court.*—Judgment reversed and cause remanded for a new trial.