STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven P. OWENS, Defendant-Appellant.

Supreme Court

*No. 87–1854–CR. Argued March 2, 1989.—Decided March 27, 1989.*

(Also reported in 436 N.W.2d 869.)

For the defendant-appellant there were briefs (in court of appeals) and oral argument by *Richard D. Martin,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief (in court of appeals) was *Donald J. Hanaway,* attorney general.

STEINMETZ, J. The issue in this case is whether the defendant's confession to armed robberies was prompted by an alleged coercive promise made by the interrogating officer and therefore involuntarily made.

There is no question that the defendant was offered a promise before he confessed. The state contends he was told that all of the armed robberies to which he confessed would be consolidated into a single proceeding in one county. The defendant does not contend that such a promise would be sufficiently coercive to render his confession involuntary.

The defendant argues that a promise of significantly more benefit to him was made. He alleges that the interrogating officer promised to consolidate all of the armed robberies to which he confessed into a single count. It is that alleged promise that the defendant

924

asserts was coercive and produced the involuntary confession.

Based on *State v. Edwardsen,* 135 Wis. 2d 208, 213, 400 N.W.2d 18 (Ct. App. 1986), the defendant argues that in Wisconsin it is the defendant's perception and the effect this perception had on his decision to confess that is crucial. Thus, although he contends that the promise in question was in fact made and rendered his confession involuntary, he also argues that it is not necessary that he establish that it was made to succeed on his claim of involuntariness. The defendant argues that he only has to show that he believed that the promise was made and that that belief caused him to confess.

On initial appeal, the court of appeals remanded the case to the trial court for additional factual findings. After remand, the trial court made the following additional findings of fact:

> (1) that the defendant "was not promised that the armed robberies to which he confessed would be consolidated into a single count," and
> (2) that his "testimony that he believed that the armed robberies to which he confessed would be consolidated into a single count is not believable or credible."

The court of appeals certified the issue to this court under provisions of sec. 809.61, Stats. We accepted certification.

The defendant asserts that the appropriate standard of review is an independent review that examines the record in this case and makes a de novo determination of the factual circumstances surrounding the questioning of the defendant. The state on the other hand argues that the standard of review is whether the

findings of the trial court are clearly erroneous, or stated another way, whether the findings are against the great weight and clear preponderance of the evidence.

In *State v. Michels,* 141 Wis. 2d 81, 90, 414 N.W.2d 311 (Ct. App. 1987), the court discussed the appropriate standard of review when reviewing the voluntariness of a confession:

> A trial court's findings of evidentiary or historical facts will not be overturned unless they are contrary to the great weight and clear preponderance of the evidence. [Citation omitted.] Stated otherwise, this is the "clearly erroneous" test. Sec. 805.17(2), Stats. However, whether any constitutional principles have been offended involves an independent review by an appellate court.

Similarly, in *State v. Woods,* 117 Wis. 2d 701, 714–15, 345 N.W.2d 457 (1984), this court stated:

> In reviewing the issues that Woods raises, an appellate court examines two determinations made by the trial court, but applies a different standard of review to each. First, the trial court determines the evidentiary or historical facts relevant to the issue in this case, namely, the circumstances surrounding the giving of the oral statement. Second, the trial court then applies those facts to resolve the constitutional questions ....
>
> The standard of review by the appellate court of the trial court's findings of evidentiary or historical facts is that those findings will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence. [Citation omitted.] This standard of review does not apply, however, to the trial court's determination of constitutional questions. Instead, the appellate court

independently determines the questions of "constitutional" fact.

 The trial court's findings as to what occurred in the interrogation room when Owens confessed to the crimes concern evidentiary or historical facts. The trial court in this case found that no promise was made to the defendant to consolidate all the armed robberies into a single count as the defendant alleged and also found that the defendant's subjective belief that such a promise was made was not credible or believable. These findings of historical facts will not be upset on appeal unless clearly erroneous. *See* sec. 805.17(2), Stats.[1]

Detective Leo Jadowski of the Manitowoc County Sheriff's Department testified that the only promise made to Owens was that if he cooperated "we would be willing to consolidate our robberies in Manitowoc County with Winnebago."

Jadowski's testimony was consistent that the promise was to consolidate all the charges in one county. The only exception was when he was asked on cross-examination:

> Q. Now, in your discussions about consolidation, do you remember making a statement to Steven [Owens] that you didn't care if you had one charge or thirty, that all of these charges would be consolidated into one, would be one count?
>
> A. I don't recall.
>
> Q. Do you recall making that statement?

---

[1]Sec. 805.17(2), Stats., reads in relevant part:

Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

A. I did inform Mr. Owens that our charges would be consolidated with Winnebago's along with Appleton. I do not recall if I said it would be one charge. I did inform him they would be consolidated.

Q. And you don't recall if you said it would be one count or different counts or just consolidated?

A. I don't recall if I specified one. I did specify to Mr. Owens that they would be consolidated with Winnebago County. Ours would.

Q. So you could have made the statement that it might be consolidated into one and you didn't care how many there were?

A. I don't recall. I could have.

Detective Jadowski only stated that he "could have" stated that "it might be consolidated into one ...." The question and answer elicited did not determine what the noun "one" meant.

Stating that he would consolidate all charges in Winnebago county is a promise. Stating he did not care if there were only one count is hardly a promise. Subsequently, Detective Jadowski testified his only promise to the defendant was to consolidate charges with Winnebago county charges.

Detective Edward McClone of the Neenah Police Department also testified that he was present while Detective Jadowski questioned Owens. He was asked:

Q. Were there any promises made as to the Winnebago County charges?

A. I recall Detective Jadowski stated that he would consolidate their charges with Winnebago.

Later he was asked:

Q. And it was at this point that Detective Jadowski talked about consolidation of charges?

A. Yes, sir.

Q. Do you recall Detective Jadowski making a statement to the effect that, "I don't care if you have thirty armed robberies, it will be dealt with as one count"?

A. Yes, sir, I recall hearing that.

Q. So he told—Detective Jadowski advised Mr. Owens that consolidation would involve one count and presumably in Winnebago County?

A. Yes, sir, I believe so.

Other questions asked of Detective McClone were answered in terms of consolidation into one count.

Subsequently, Detective McClone stated he did not recall whether Detective Jadowski promised to have all of the armed robbery charges reduced to one single count of armed robbery but rather did recall Jadowski's statement to the defendant in terms of consolidation of the charges to one county.

Different witnesses' testimony may be contradictory and at times one witness's testimony may be inherently inconsistent. The trial judge not only hears the testimony, but also sees the demeanor of the witness and the body language. As a result, the trial judge hears the emphasis, volume alterations and intonations. The trial judge also has a superior view of the total circumstances of the witnesses' testimony. Consequently, the trial court's findings of fact are only upset when clearly erroneous.

If the testimony leads the trial court to a finding that is not clearly erroneous, such findings should and must be accepted by the reviewing court. Although an

appellate court may have found differently, the standard is whether the trial court's findings were clearly erroneous. In this case, even with some contradictory testimony, it was the trial court's responsibility to make the findings of fact.

Confronted with the conflict of testimony, it was the trial court's obligation to resolve it. The fact finder does not only resolve questions of credibility when two witnesses have conflicting testimony, but also resolves contradictions in a single witness's testimony. In *Thomas v. State,* 92 Wis. 2d 372, 381, 284 N.W.2d 917 (1979), the court stated: "Where there is conflict in a witness' testimony it is the province of the trier of fact, the court in this case, to determine the weight and credibility to be given her testimony." *Accord State v. Daniels,* 117 Wis. 2d 9, 17, 343 N.W.2d 411 (Ct. App. 1983). Here, the trial court resolved any conflict that there might have been in the testimony in favor of a finding that no promise had been made to the defendant to consolidate into a single count the armed robberies to which the defendant confessed.

Sorting out the conflicts and determining what actually occurred is uniquely the province of the trial court, not the function of the appellate court. Among the things that are critical to the resolution of the factual issue presented are the nuances in the attorneys' questions and the witnesses' answers, created by, among other things, the manner in which the questions are asked or the answers given. *See State v. Christopher,* 44 Wis. 2d 120, 127, 170 N.W.2d 803 (1969). Only the trial court was exposed to those nuances and only the trial court was in a position to resolve the factual issues presented. Its conclusion with respect to whether or not a promise was made to the defendant to consolidate all

of the charges into a single count, though not the only conclusion that the record in this case would support, is certainly one that could be reached by the trial court. The trial court could gauge considerations not witnessed by the appellate court. We believe the trial court's findings were not clearly erroneous.

We must then apply constitutional principles to the facts as found. We do so independently of the trial court's decision. *Woods,* 117 Wis. 2d at 715. As recently as 1987, this court stated that it "refuses to abandon the rule that in order to justify a finding of involuntariness, there must be some affirmative evidence of improper police practices deliberately used to procure a confession." *State v. Clappes,* 136 Wis. 2d 222, 239, 401 N.W.2d 759 (1987). Furthermore, in *Clappes* we stated:

> Their questioning employed none of the police tactics and stratagems which would be inherently coercive, such as questioning a defendant for excessively long periods of time without breaks for food or rest, *Hoyt,* 21 Wis. 2d at 309, *Hunt,* 53 Wis. 2d at 741; threatening a defendant, with physical violence or otherwise, or making him promises in exchange for his cooperation. *Norwood,* 74 Wis. 2d at 365, *Pontow v. State,* 58 Wis. 2d 135, 138, 205 N.W.2d 775 (1973); or engaging relays of interrogators to question a defendant "relentlessly" or conducting questioning so as to "control and coerce the mind of the defendant," *Phillips v. State,* 29 Wis. 2d 521, 530, 139 N.W.2d 41 (1966).

*Id.* Although a promise was made to the defendant, it was fulfilled. Therefore, it was not part of an impermissible, coercive police tactic which could have rendered the confession involuntary.

The next contention of the defendant is that he subjectively believed that the promise made by Detective Jadowski was that the several armed robberies would be consolidated into a single count. The defendant relies on *Edwardsen,* 135 Wis. 2d 208, for the position that if he had a belief that a promise was made and this belief prompted him to confess, such belief would provide grounds for finding his statement involuntary, even though the police never in fact made such a promise. The defendant claims this alleged belief resulted in his confession and therefore it was involuntary. The defendant states that whether that promise was made or not does not control because he believed it was made and therefore his confession was involuntary.

The trial court found that Owens' "testimony that he believed that the armed robberies to which he confessed would be consolidated into a single count is not believable or credible." This finding of the trial court was based on its initial finding that no promise was made that the robberies would be consolidated into a single count. Indeed, *Edwardsen* concluded that if a defendant believes that a coercive promise had been made, even though no such promise has been made, and his confession is induced by the belief, the confession is involuntary. In *Edwardsen* the state "acknowledged that the perspective from which the statements must be viewed is that of the defendant, not the prosecutor." *Id.* at 213. Furthermore, the state conceded that the "determination of a defendant's state of mind is a question of constitutional fact." *Id.* at 214.

If this were an accurate statement of the law in Wisconsin, a defendant, by merely claiming that such a promise was made, could have the confession suppressed on the ground of involuntariness even though the claim is incredible and contrary to the trial court's

932

findings. A claim of this belief could not be contradicted by the state because no one is qualified to testify to the defendant's belief. *See Hill v. State,* 91 Wis. 2d 315, 320, 283 N.W.2d 585 (Ct. App. 1978). In addition, if the defendant's state of mind is a constitutional fact, it is reviewed independent of the trial court's determination.

The characterization of the defendant's state of mind as a constitutional fact was incorrect in *Edwardsen* and therefore, the standard of review set forth in *Edwardsen* was incorrect. Whether defendant believed he had extracted a promise from the police not to use statements against him is not a question of constitutional fact reviewable de novo. The defendant's state of mind or belief is an historical fact and is reviewed by the clearly erroneous or against the great weight and clear preponderance of the evidence standard. To that extent *Edwardsen* is overruled.

In addition, the *Edwardsen* case relied on *United States v. Mancusi,* 275 F. Supp. 508, 516 (E.D. N.Y. 1967). However, in the same circuit, the Second Circuit Court of Appeals in *United States ex rel. LaFay v. Fritz,* 455 F.2d 297, 303 (2d Cir. 1972), withdrew the *Thurmond* supportive language as follows:

> Insofar as *Thurmond* may indicate that voluntariness of plea depends upon a defendant's belief (the "subjective" test) that a promise of a particular sentence has been made, although in fact there was no such promise, [it] would seem to be contrary to the law of this circuit.

In answering another argument of defendant, the state is not required to prove the credibility of the testimony upon which it relies beyond a reasonable

doubt. It is only required to bear that burden of proof with respect to the ultimate issue of the voluntariness of the confession—an issue that the trial court does not reach until after it has resolved the credibility issues. It is not the credibility of a particular witness but the guilt of the defendant that must be proved beyond a reasonable doubt. *State v. Paris,* 43 Wash. 2d 498, 261 P.2d 974, 976 (1953).

The trial court found no promise was made and considering the defendant's demeanor and self-interest, it also found that the defendant's subjective belief was not believable or credible. The defendant's claim that his confession was involuntary is without merit due to findings of the trial court.

Under precedent established subsequent to *Edwardsen* and previously noted in this decision, this court stated:

> This court refuses to abandon the rule that in order to justify a finding of involuntariness, there must be some affirmative evidence of improper police practices deliberately used to procure a confession.

*State v. Clappes,* 136 Wis. 2d 222, 239, 401 N.W.2d 759 (1987). This conclusion is consistent with the statement made in *State v. Michels,* 141 Wis. 2d 81, 90–91, 414 N.W.2d 311 (Ct. App. 1987):

> Some affirmative evidence of improper police practices deliberately used to procure a confession must be shown before we will conclude that a confession was involuntarily given and in violation of an individual's constitutional rights.

The *Edwardsen* holding that a defendant's subjective belief of whether a coercive promise was made can be dispositive of the voluntariness question is inconsis-

tent with the decisions in *Clappes* and *Michels.* Under those decisions, "improper police practices" must be demonstrated for a finding of involuntariness.

■

Contained in the initial finding that Owens' confession was offered voluntarily, the trial court explicitly recognized that it must view the totality of the circumstances surrounding the confession. *See Miller v. Fenton,* 474 U.S. 104, 117 (1985). After making specific findings of fact, the trial court was convinced that the state had proven beyond a reasonable doubt that the confession was voluntarily made. *Norwood v. State,* 74 Wis. 2d 343, 246 N.W.2d 801 (1976). We find the trial court's findings of fact were not clearly erroneous.

*By the Court.* The judgment of the Winnebago county circuit court is affirmed.