**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**January 7, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1068-CR**

Cir. Ct. No. **2016CF754**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

LANARD FITZGERALD HOLLENQUEST,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Brown County: THOMAS J. WALSH, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Lanard Hollenquest appeals a judgment, entered upon his no-contest pleas, convicting him of two counts of causing great bodily

harm by operation of a motor vehicle while under the influence of an intoxicant and one count of causing injury by operation of a motor vehicle while under the influence of an intoxicant, as a second offense. He also appeals an order denying his motion for postconviction relief. Hollenquest argues that he should be permitted to withdraw his pleas because: (1) they were not entered knowingly, intelligently and voluntarily; and (2) his attorney provided him with ineffective assistance. We reject his arguments and affirm.

## BACKGROUND

¶2 According to the criminal complaint, Hollenquest drove his vehicle into the side of a tavern on the evening of May 20, 2016. In doing so, Hollenquest struck and injured three people. A subsequent blood draw showed Hollenquest's blood alcohol concentration was .246.

¶3 On June 17, 2016, the State filed an amended Information which, as pertinent to this appeal, charged Hollenquest with the following crimes[1]:

- Count 1: causing great bodily harm by operation of a motor vehicle while under the influence of an intoxicant, contrary to WIS. STAT. § 940.25(1)(a) (2017-18),[2] a Class F felony.

- Count 3: causing injury by operation of a motor vehicle while under the influence of an intoxicant, contrary to WIS. STAT.

---

[1] The amended Information also charged Hollenquest with five additional felonies and four misdemeanors.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

§ 346.63(2)(a)2., as a second or subsequent offense, a Class H felony.

- Count 5: causing injury by operation of a motor vehicle while under the influence of an intoxicant, contrary to WIS. STAT. § 346.63(2)(a)2., as a second or subsequent offense, a Class H felony.

¶4 On August 18, 2016, the State presented Hollenquest with a written plea offer that was based upon this amended Information. The offer stated that in exchange for Hollenquest's guilty or no-contest pleas to Counts 1, 3 and 5, the State would recommend that all remaining counts be either dismissed outright or dismissed and read-in. Two days later, Hollenquest rejected the State's offer.

¶5 At a hearing on August 22, 2016, the circuit court granted Hollenquest's request to have his counsel withdraw from the case. Before that hearing was adjourned, the prosecutor stated that "I just wish to place on the record, in rejecting the state's offer, I just want to make sure Mr. Hollenquest understands … that the state will now be amending Counts 3 and 4 to a higher felony class." In response, the court stated it would "let his new counsel address" any further amended charges.

¶6 On August 31, 2016—prior to new counsel for Hollenquest being appointed—the State moved for leave to file a second amended Information. This second amended Information changed Count 3 from the Class H felony of causing injury by operation of a motor vehicle while under the influence of an intoxicant,

as a second or subsequent offense, to the Class F felony of causing great bodily harm by operation of a motor vehicle while under the influence of an intoxicant.[3]

¶7   Attorney William Ackell was appointed to represent Hollenquest the following day. On September 6, 2016, Ackell and Hollenquest both appeared in person at a status conference before the circuit court. At this hearing, the State attempted to address its pending motion for leave to file the second amended Information. Ackell, however, stated that he had "just received the file" and was not yet familiar with any filings in the case. Consequently, the court stated it would address the pending motion at the next scheduled status conference.

¶8   The following day, Ackell wrote a letter of representation to Hollenquest. In this letter, Ackell listed the charges that were pending against Hollenquest. It is undisputed that the charges Ackell listed corresponded to the first amended Information and did not reference the State's pending motion for leave to file a second amended Information.

¶9   On October 17, 2016, at the parties' next status conference, Ackell stated:

> Your Honor, I believe negotiations in this case are at an end and in a good way in that an agreement has been reached. My client and I were actually going over the plea questionnaire form but we just found it too difficult in the holding cell in the jail here. The agreement came in at about 1 p.m. So we would just ask for a separate plea date so I could go over a plea form with my client, especially with this serious of a case.

---

[3] The second amended Information also changed Count 4 from the Class H felony of operating with a prohibited alcohol concentration (PAC) causing injury, as a second or subsequent offense, to the Class F felony of injury by intoxicated use of a vehicle.

Accordingly, the court scheduled a plea hearing for two days later. Neither party, nor the court, addressed the State's pending motion for leave to file a second amended Information at this status conference.

¶10 At the outset of the plea hearing, the circuit court stated that it had "been provided a Plea Questionnaire and Waiver of Rights form." The plea questionnaire form, which Ackell prepared, listed the following charges as those to which Hollenquest would plead no contest:

- "Count 1: Injury by intoxicated use of vehicle"

- "Count 3: Injury by intoxicated use of vehicle"

- "Count 5: OWI Cause Injury (2nd and subsequent)"

Ackell and Hollenquest both signed the second page of the form, dated October 19, 2016.

¶11 There were two sets of jury instructions attached to the plea questionnaire. The first, WIS JI—CRIMINAL 1262 (2014), was titled "Injury (Great Bodily Harm) By Operation Of A Vehicle While Under The Influence [WIS. STAT. §] 940.25(1)(a)." The second, WIS JI—CRIMINAL 2665 (2014), was titled "Operating A Vehicle While Under The Influence Of An Intoxicant And Causing Injury [WIS. STAT. §] 346.63(2)(a)1." Additionally, a copy of the State's August 18 written plea offer (which, as indicated, was based upon the first amended Information) was also attached to the questionnaire form.

¶12 The parties proceeded to address the State's pending motion for leave to file the second amended Information:

5

[Prosecutor]: I just want to make sure, because I can't remember with the transition after [Hollenquest's previous counsel] withdrew—I had filed a Second Amended Information on August 31, and I don't think the Court necessarily granted the motion to take leave to file it. I think because of [counsel] withdrawing, I don't think the Court accepted that at that point, but that's what the plea would be on today.

THE COURT: Mr. Ackell, you have a copy of the Second Amended Information?

MR. ACKELL: I do, Your Honor, and it does have two changes to it, and it's changes that are actually reflected as well in the plea questionnaire which I've handed to the Court, therefore we waive a formal reading and my client enters pleas as indicated on the questionnaire.

THE COURT: All right. Very good.[4]

¶13    The circuit court then engaged Hollenquest in a plea colloquy. The court ultimately accepted Hollenquest's pleas in the following exchange:

THE COURT: Mr. Hollenquest, I'm just going to run through each of these counts. First of all as to Count 1, the Injury by Intoxicated Use of a Vehicle, what is your plea?

THE DEFENDANT: No contest.

THE COURT: As to Count 3, Injury By Intoxicated Use of a Vehicle, what is your plea?

THE DEFENDANT: No contest.

THE COURT: And as to Count 5, Operating While Intoxicated Causing Injury, Second Offense, what is your plea?

THE DEFENDANT: No contest.

---

[4] We note that although the circuit court did not explicitly state it was granting the State's motion for leave to file the second amended Information, the parties appear to agree that the quoted discussion constituted an implicit grant of the State's motion.

¶14 After sentencing, Hollenquest filed a ***Bangert***[5] motion seeking to withdraw his pleas. In support, he asserted that refusing to allow him to withdraw his pleas would constitute a manifest injustice because he "did not know that he was entering his plea in count three to a Class F Felony; rather he believed he was entering his plea to operating while intoxicated, causing simple injury, a Class H Felony."[6]

¶15 At an evidentiary hearing on Hollenquest's motion, Ackell testified that he "learned of the existence of the second Amended Information when I spoke to [the prosecutor] the first [time] …. So it would have been sometime soon after September 1st, sometime between September 1st and the end of September." He stated that he "would have had to have been using" the second amended Information when he prepared the plea questionnaire form. He explained that the plea questionnaire form used identical language to describe Counts 1 and 3, and those counts were identical in the second, but not the first, amended Information.

¶16 Ackell also testified that he "would have" personally reviewed the second amended Information with Hollenquest prior to the plea hearing because that was his "general practice." However, he could not "recall specifically" doing so in this case.

¶17 In response to the circuit court's questioning, Ackell clarified that his "usual practice" was to review the plea questionnaire form with a criminal

---

[5] *See **State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

[6] We observe that although Hollenquest's postconviction motion requested withdrawal of all three of his no-contest pleas, Hollenquest's argument below was limited to his knowledge of what count he was pleading to in Count 3.

defendant prior to a plea hearing, and to "read off the Information" when doing so. Ackell stated he did not recall deviating from his usual practice in this case.

¶18 Hollenquest testified that he did not recall receiving the second amended Information and that he believed he was accepting the State's plea offer to enter no-contest pleas to "the two OWIs and the one higher charge." He stated he accepted this offer because he "didn't want to take the victims in this case through a trial court or anything else. I just wanted to sign off." When asked if he would have entered a plea to Count 3, had he known it had been amended to a Class F felony, Hollenquest responded: "I would have questioned it. I would have brought it up more, talked about it and discussed my options at that time. But to say whether or not I would have signed off, I don't know, but I didn't have an option."

¶19 In an oral decision, the circuit court denied Hollenquest's motion. The court determined that Hollenquest had not demonstrated that withdrawal of his plea was necessary to correct a manifest injustice because "Mr. Hollenquest understood what he was pleading to." In addition, the court determined that Ackell had not performed ineffectively. Hollenquest now appeals.

## DISCUSSION

### I. *Bangert* claim

¶20 Hollenquest first argues the circuit court erred by denying his postconviction motion for plea withdrawal because his plea to Count 3 was not entered knowingly, intelligently and voluntarily. Whether a plea was entered knowingly, intelligently and voluntarily presents a question of constitutional fact. *State v. Taylor*, 2013 WI 34, ¶25, 347 Wis. 2d 30, 829 N.W.2d 482. We will

accept the circuit court's findings of historical fact and its credibility determinations unless they are clearly erroneous. *State v. Jenkins*, 2007 WI 96, ¶33, 303 Wis. 2d 157, 736 N.W.2d 24. However, we independently determine whether the court's findings demonstrate that the defendant's plea was knowing, intelligent and voluntary. *State v. Brown*, 2006 WI 100, ¶19, 293 Wis. 2d 594, 716 N.W.2d 906.

¶21 When seeking to withdraw a guilty or no-contest plea after sentencing, a defendant must prove that refusing a plea withdrawal would result in a "manifest injustice." *State v. Bangert*, 131 Wis. 2d 246, 283, 389 N.W.2d 12 (1986). A manifest injustice occurs when there has been "a serious flaw in the fundamental integrity of the plea." *Taylor*, 347 Wis. 2d 30, ¶49. A no-contest plea that is not entered knowingly, intelligently or voluntarily constitutes a manifest injustice. *Id.*

¶22 Hollenquest argues that his plea to Count 3 was not entered knowingly, intelligently or voluntarily because the circuit court's plea colloquy failed to "ensure that Hollenquest understood the nature of the charge" on Count 3. Stated differently, he asserts that the court failed to "personally ascertain whether he understood" that the charge to which he was pleading corresponded to the first or second amended Information.[7]

---

[7] We note that Hollenquest's argument is not that he failed to understand the individual elements of the crime of causing great bodily harm by operation of a motor vehicle while under the influence of an intoxicant. Indeed, that was the crime charged in Count 1 of both the first and second amended Informations, and he does not challenge his understanding of that count on appeal. Rather, Hollenquest's argument is that he was not aware that Count 3 had been amended to charge the same crime as charged in Count 1.

9

¶23 When a defendant moves for plea withdrawal based on a defective plea colloquy, a defendant must: (1) make a prima facie case showing that the circuit court violated WIS. STAT. § 971.08 or another court-mandated duty at the plea hearing; and (2) allege that the defendant did not in fact know or understand the information that the court should have provided at the plea hearing. *Taylor*, 347 Wis. 2d 30, ¶32 (citing *Bangert*, 131 Wis. 2d at 274). If the defendant meets those two requirements, he or she is entitled to an evidentiary hearing, where the burden shifts to the State to prove by clear and convincing evidence that the plea was entered knowingly, intelligently and voluntarily, despite the inadequacy of the record at the plea hearing. *Id.* At this hearing, the State may use "any evidence" to prove that the defendant's plea was knowing, intelligent and voluntary, including any documents in the record and testimony of the defendant or defendant's counsel. *Id.*

¶24 Here, the State concedes that Hollenquest made a prima facie showing that the plea colloquy was defective. Nonetheless, the State argues that it met its burden at the postconviction evidentiary hearing to establish that Hollenquest's pleas were entered knowingly, intelligently and voluntarily. For the reasons that follow, we agree and conclude the State established that Hollenquest understood he was pleading to Count 3 as that charge was described in the second amended Information.

¶25 Our conclusion is compelled by the following factual findings made by the circuit court. First, the court found that the front sheet of the plea questionnaire form "correctly lists the counts in the second Amended Information. It correctly lists what the charges are that Mr. Hollenquest is pleading to." Second, the court found that Ackell "went through" and "accurately described" the second amended Information to Hollenquest prior to the plea hearing.

10

¶26    Hollenquest does not argue that these findings fail to support a conclusion that he entered his plea to Count 3 knowingly, intelligently and voluntarily.  Instead, he contends that the court's finding that Ackell discussed the second amended Information with him prior to the plea hearing was clearly erroneous.[8]  We are not persuaded.

¶27    A factual finding is clearly erroneous if it is against the great weight and clear preponderance of the evidence.  *State v. Arias*, 2008 WI 84, ¶12, 311 Wis. 2d 358, 752 N.W.2d 748.  When "evidence supports the drawing of either of two conflicting but reasonable inferences, the [circuit] court, and not this court, must decide which inference to draw."  *Plesko v. Figgie Int'l*, 190 Wis. 2d 764, 776, 528 N.W.2d 446 (Ct. App. 1994).  We do not search the record for evidence opposing the circuit court's decision, but for evidence supporting it.  *See Mentzel v. City of Oshkosh*, 146 Wis. 2d 804, 808, 432 N.W.2d 609 (Ct. App. 1988).

¶28    Here, Ackell's testimony—which the circuit court expressly found to be credible—is sufficient to support the court's finding that Ackell discussed the second amended Information with Hollenquest prior to the plea hearing.  As the court explained, Ackell testified that he personally prepared the plea questionnaire form—which undisputedly described the charges contained in the second amended Information.  Ackell further testified that his usual practice was to then sit down and personally review that form, along with the Information he used to prepare the form, with a defendant prior to a plea hearing.  Finally, Ackell did not recall deviating from that procedure in this case.

---

[8] Hollenquest concedes the circuit court's first finding—i.e., that the first page of the plea questionnaire correctly described the charges to which he pled—was not clearly erroneous.

¶29 Based on this testimony, we conclude the circuit court reasonably inferred that, after preparing the plea questionnaire form with the second amended Information, Ackell used that same Information when he reviewed that form with Hollenquest prior to the plea hearing. As such, we must uphold the court's inference. *See Plesko*, 190 Wis. 2d at 776.

¶30 In arguing that the circuit court should have made a contrary inference, Hollenquest cites evidence that he contends supports a finding that Ackell "mistakenly advised Hollenquest that he remained charged" with Count 3 as described in the first amended Information. Specifically, Hollenquest points to: (1) the fact that Ackell's letter of representation was based upon the first amended Information; (2) the discrepancy between the first page of the plea questionnaire's description of the charges against Hollenquest and the copy of the State's August 18 offer memo that was attached to the questionnaire; and (3) Hollenquest's testimony that Ackell did not discuss the second amended Information with him.

¶31 Regarding the first two pieces of evidence that Hollenquest cites, we have just explained that the circuit court made a reasonable inference in finding that Ackell reviewed the second amended Information with Hollenquest prior to the plea hearing. Thus, even assuming that this evidence supports the inference that Hollenquest faults the court for not drawing, it was up to the circuit court, not us, to decide which inference to draw. *See id.* And as to his argument concerning his own testimony, it is well established that when a court acts as a factfinder, the court "is the ultimate arbiter of the credibility of the witnesses and the weight to be given to each witness's testimony." *State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345. Consequently, the court did

not err when it expressly found that "the testimony from Mr. Hollenquest [was not] credible in that respect."

¶32    In a related argument, Hollenquest also contends that the circuit court made impermissible "assumptions" to support its findings. He reasons:

> The trial court assumed that if Attorney Ackell sat down to review the plea questionnaire with Hollenquest and read the charges from the wrong Information, he would have realized his error in doing so. Attorney Ackell certainly could have read from the wrong Information, by human error and mistake, and not realized it. It is unknown, with any certainty, whether that happened.

The problem with Hollenquest's argument is that what he casts as impermissible assumptions were, for the reasons just explained, permissible inferences that the court drew from Ackell's testimony. This conclusion follows because making inferences to determine "what actually occurred" is the exact task the circuit court must perform when it acts as a factfinder. *See State v. Owens*, 148 Wis. 2d 922, 930, 436 N.W.2d 869 (1989). Accordingly, we cannot fault the court for executing the very task it was called upon to perform at the postconviction evidentiary hearing.

¶33    In all, Hollenquest has failed to show that the circuit court's factual findings were clearly erroneous. Based on those findings, we conclude Hollenquest understood that he was pleading to Count 3, as charged in the second amended Information, at the time of the plea hearing. We therefore conclude, as a matter of law, that Hollenquest's pleas were entered knowingly, intelligently and voluntarily, and we reject Hollenquest's *Bangert* claim.

**II. *Nelson/Bentley* claim**

¶34    In his reply brief, Hollenquest argues for the first time on appeal that he should be permitted to withdraw his pleas because Ackell performed ineffectively by "preparing a Plea Questionnaire that contained descriptions of the charged offenses that were confusing to Hollenquest."[9]    Under the ***Nelson/Bentley***[10] line of cases, a defendant may allege that a factor extrinsic to the plea colloquy, such as ineffective assistance of counsel, renders a plea invalid.  *See* ***State v. Hoppe***, 2009 WI 41, ¶3 n.4, 317 Wis. 2d 161, 765 N.W.2d 794.

¶35    To prevail on an ineffective assistance claim, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense.  ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). When reviewing an ineffective assistance claim, we will uphold the circuit court's findings of fact unless they are clearly erroneous, but whether the facts are sufficient to establish ineffective assistance is a question of law that we review independently.[11]  ***State v. Nielsen***, 2001 WI App 192, ¶14, 247 Wis. 2d 466, 634 N.W.2d 325.  If a defendant fails to make a sufficient showing on one prong of the ***Strickland*** test, we need not address the other.  ***Strickland***, 466 U.S. at 697.

---

[9] We need not address arguments raised for the first time in a reply brief.  *See* ***A.O. Smith Corp. v. Allstate Ins. Cos.***, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).  In this case, however, the State's response brief addressed the viability of a potential ineffective assistance claim, and so we choose to decide Hollenquest's argument on its merits.

[10] *See* ***State v. Bentley***, 201 Wis. 2d 303, 548 N.W.2d 50 (1996), and ***Nelson v. State***, 54 Wis. 2d 489, 195 N.W.2d 629 (1972).

[11] Although Hollenquest did not rely on the ***Nelson/Bentley*** line of cases in his postconviction motion, we note that a circuit court's findings related to a ***Bangert*** motion are applicable to a ***Nelson/Bentley*** claim.  *See* ***State v. Hoppe***, 2009 WI 41, ¶64, 317 Wis. 2d 161, 765 N.W.2d 794.

14

¶36 Hollenquest's ineffective assistance claim fails because he has not established that he was prejudiced by any deficiency related to Ackell's alleged failure to adequately explain the charge to which he was pleading. To prove prejudice in the plea withdrawal context, a defendant must show that, absent counsel's alleged errors, he or she "would have insisted on going to trial." *State v. Burton*, 2013 WI 61, ¶50, 349 Wis. 2d 1, 832 N.W.2d 611.

¶37 At the postconviction evidentiary hearing, Hollenquest testified he had the opposite goal in mind during plea negotiations: "All I know is, I didn't want to take the victims in this case through a trial court or anything else. I just wanted to sign off." Furthermore, Hollenquest never testified that he would not have entered a plea to Count 3 had he known it had been amended to a Class F felony. Rather, when directly asked whether he would have done so, he gave the following equivocal response: "I would have questioned it. I would have brought it up more, talked about it and discussed my options at that time. But to say whether or not I would have signed off, I don't know, but I didn't have an option. I mean, being honest." As such, Hollenquest cannot show that he was prejudiced by Ackell's allegedly deficient performance because his own testimony shows that he would not have insisted on going to trial but for Ackell's alleged error.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

15